IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pyong Uk Kim | ) | |
| | ) | |
| | ) | Case No. 16-cv-07563 |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| Premier Wellness Care, Inc., Eduardo J. Ladlad and Won Kyu Lee | ) | Magistrate Judge |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Pyong Uk Kim, through his attorneys, for his Complaint against Premier Wellness Care, Inc., Eduardo J Ladlad and Won Kyu Lee ("Defendants"), states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 10511 *et. seq.* ("IMWL") for Defendants' failure to pay minimum wages to Plaintiff. During the course of his employment by Defendants, Plaintiff is paid wages less than both the federal and State of Illinois mandated minimum wage. Plaintiff further alleges that Defendants' failure to pay the regular wages is willful and intentional.

## THE PARTIES

2. Plaintiff is at all times relevant hereto employee of Defendants.

3. Plaintiff is at all times relevant hereto individual employed in the State of Illinois by Defendants.

1

4. Plaintiff is at all times relevant hereto resided in the State of Illinois.

5. Plaintiff is at all times relevant hereto a non-exempt employee within the meaning of the FLSA, and the Illinois Minimum Wage Law, and the implementing rules and regulations of the FLSA and the Illinois Minimum Wage Law.

6. Plaintiff is filing this FLSA claim as individual action for himself.

7. For the period commencing on or about August 15, 2014, until August 31, 2015, Plaintiff Pyong Uk Kim regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants.

8. Throughout Plaintiff's employment, Defendants did not pay Plaintiff proper amount per week regardless of the number of hours he worked in a day or the number of hours he worked in a workweek.

9. Plaintiff performed manual labor for Defendants.

10. Plaintiff was assigned to the said manual labor by Defendants.

11. Plaintiff was not required to possess any specialized skills in order to do the assigned work for Defendants.

12. Plaintiff did not have to supply his own tools and equipment in connection with his work for Defendants.

13. Plaintiff was required to report to work for Defendants at a certain time.

14. Plaintiff could not set his own hours of work for Defendants.

15. Defendants, Premier Wellness Care, Inc., Eduardo J Ladlad, and Won Kyu Lee are and were at all relevant times hereto engaged in the business of Pain and rehabilitation Center.

16. Defendants, Premier Wellness Care, Inc., Eduardo J Ladlad, and Won Kyu Lee are and were at all relevant times hereto engaged in the interstate commerce.

17. Defendants Eduardo J Ladlad ("Ladlad") and Won Kyu Lee ("Lee") managed, supervised, established and administered the terms and conditions of Plaintiff's employment.

18. Defendants Eduardo J Ladlad ("Ladlad") and Won Kyu Lee ("Lee") participated in and approved of the unlawful pay practices of the business Premier Wellness Care, Inc.

19. Defendants Ladlad and Lee were involved in assigning work to Plaintiff.

20. Defendants Ladlad and Lee had the power and authority to discipline Plaintiff.

21. Defendants Ladlad and Lee hired Plaintiff.

22. Defendants Ladlad and Lee were in charge of paying employees.

23. Defendant Ladlad told Plaintiff where to work and when to work.

24. Defendants Ladlad and Lee participated in and approved of the unlawful pay practices of the corporate Defendant Premier Wellness Care, Inc.

25. Defendants Ladlad and Lee exercised authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

26. Defendants employed Plaintiff to do work for them in the State of Illinois.

27. Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

28. Defendants provided the tools and equipment and materials for Plaintiff to do his job with Defendants.

29. Defendants held Plaintiff out as an employee.

30. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein.

31. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

32. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

33. Defendants employed and paid Plaintiff as their employee.

34. Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and the Illinois Minimum Wage Law.

35. Defendants never obtained legal advice or counsel that their minimum pay practices and/or policies were compliant with state and federal wage-hour laws.

36. Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

37. Defendant Premier Wellness Care, Inc. is an Illinois corporation doing business as a Pain and rehabilitation Center and is an enterprise as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. §203(r)(I), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of FLSA 29 U.S.C. §203(s)(1)(A).

38. Defendant Ladlad is a citizen and resident of Cook County and was the President of Defendant Premier Wellness Care, Inc.

39. Defendant Lee is a citizen and resident of Cook County and was the Partner of Defendant Premier Wellness Care, Inc.

## JURISDICTION AND VENUE

40. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C § 1367.

## COUNT I
### Violation under § 216(b) of the FAIR LABOR STANDARDS ACT
### Minimum Wage Claims

41. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

42. The FLSA requires employers, such as Defendants, to pay employees the minimum wage for all hours worked.

43. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Prior to July 23, 2008 (during the applicable statute of limitations), the federal minimum wage was $6.55 an hour. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

44. During the applicable statute of limitations, Defendants have failed to pay Plaintiff the federally mandated minimum wage for all hours worked.

45. Plaintiff does not or did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

46. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

47. Plaintiff seeks damages in the amount of all respective unpaid minimum wage compensation at minimum wage rate effective during the applicable work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

48. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## COUNT II
### Violation of the Illinois Minimum Wage Law - Minimum Wages

49. All allegations of the Complaint are expressly incorporated herein and Plaintiff repeats and realleges each and every allegations set forth in this Complaint as though set forth fully at length herein.

50. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

51. The matters set forth in this count arise from Defendants' violation of the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

52. At all relevant times herein, Defendants were "employers" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was "employee" within the meaning of that Act.

53. Pursuant to 820 ILCS 105/4, for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated minimum wages.

54. Defendants did not compensate Plaintiff minimum wages for all hours worked.

55.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff minimum wages for all hours worked.

56.     Pursuant to 820 ILCS 105112(a), Plaintiff is entitled to recover his unpaid wages, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   A judgment in the amount of unpaid minimum wages for all hours worked;

B.   Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.   Reasonable attorney's fees and costs incurred in filing this action; and

D.   Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL

A jury trial is demanded on all Counts.

Respectfully submitted,

Dated: July 26, 2016

/s/ Ryan Kim
Ryan J. Kim

INSEED LAW, P.C.
2454 E Dempster St Suite 301
Des Plaines, IL 60016
Attorney for Plaintiff